|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |
| 3 | * * * | |
| 4 | T. MATTHEW PHILLIPS, ALI SHAHROKHI, | Case No. 2:21-cv-00358-KJD-EJY |
| 5 | | |
| 6 | Plaintiffs, | **ORDER** |
| 7 | v. | |
| 8 | SUZY TRUBY, Director of Clark County District Attorney Family Support Division, JULIE BUTLER, Direct of Nevada Department of Motor Vehicles, AARON FORD, Nevada Attorney General, and DOES I-X, | |
| 11 | Defendants. | |

Pending before the Court are Plaintiff Ali Shahrokhi's Requests for Judicial Notice (ECF Nos. 23, 24, and 25) and Defendants' Joint Motion to Strike Plaintiff's Requests for Judicial Notice (ECF No. 28). To date, no response to Defendants' Motion to Strike has been filed and the time to do so has passed. Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. Defendants' Motion to Strike may be granted on this basis alone.

Further, none of Plaintiff's requests are the proper subject of judicial notice. Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Adjudicative facts "are facts about the parties and their activities, businesses, and properties, usually answering the questions of who did what, where, when, how, why, with what motive or intent; adjudicative facts are roughly the kind of facts that go to a jury in a jury case." *Marshall v. Sawyer*, 365 F.2d 105, 111 (9th Cir. 1966); *see also Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992) (explaining that adjudicative facts are "those concerning the immediate parties"). "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause them before it." *M/V Am. Queen v. San*

*Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). The Court can use Rule 201 to "take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Further, "Rule 201 authorizes judicial notice only of facts, not statements of law." *Tate v. Univ. Med. Ctr. of S. Nevada*, No. 2:09-cv-017480JAD-NJK, 2016 WL 7045711, at *7 (D. Nev. Dec. 2, 2016), *aff'd sub nom. Tate v. Univ. Med. Ctr.*, 773 F. App'x 405 (9th Cir. 2019); *see also Blye v. California Supreme Ct.*, No. CV 11-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014) ("A request for judicial notice is not a proper vehicle for legal argument.").

Plaintiff requests that the following be judicially noticed:

- a March 19, 2019 letter from the New Jersey Attorney General's Office to a state judge indicating that the State of New Jersey will no longer automatically suspend driver's licenses for non-payment of child support obligations (ECF No. 23-2);

- a 187-page, unpublished court decision from the Superior Court of New Jersey finding that New Jersey's process for suspending driver's licenses for non-payment of child support violates due process guarantees under the New Jersey Constitution (ECF No. 23-1);

- "A Guide to an Employer's Role in the Child Support Program"—a manual given to attendees of an unknown training course offered to employers about their obligations under the child support programs (ECF Nos. 24-1 and 24-2); and

- an excerpt from an unknown book that purports to summarize the requirements of unspecified federal child support obligations (ECF No. 25-1).

None of these documents are proper for judicial notice because none concern the adjudicative facts of the case before the Court. Rather, Plaintiff appears to request that the Court take judicial notice of legal arguments and statements of law from various courts, state officials, training courses, and books. The Court cannot take judicial notice of these types of arguments. The arguments Plaintiff raises in his requests for judicial notice may instead be properly raised in pleadings advancing his claims in the normal course of this action.

2

1    Accordingly,

2    IT IS HEREBY ORDERED that Plaintiff's Requests for Judicial Notice (ECF Nos. 23, 24,

3    and 25) are **DENIED**.

4    IT IS FURTHER ORDERED that Defendant's Joint Motion to Strike Plaintiffs'

5    Requests for Judicial Notice is (ECF No. 28) is **GRANTED**.

7    Dated this 1st day of July, 2021

```
_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE
```