UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| T. MATTHEW PHILLIPS, *et al.*, | Case No. 2:21-cv-00358-KJD-EJY |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| SUZY TRUBY, Director of Clark County District Attorney Family Support Division, *et al.*, | |
| Defendants. | |

Presently before the Court is State Defendants Julie Butler and Aaron Ford's Motion to Dismiss (#7). Also before the Court is County Defendant Suzy Truby's Motion to Dismiss (#8). Plaintiffs filed a combined response in opposition (#19/20) to which Defendants replied (#21/22).

I. Background

Plaintiffs T. Matthew Phillips and Ali Shahrokhi filed their *pro se c*omplaint on March 2, 2021. In their Complaint (#1), Plaintiffs admit they both owe child support arrearages and that Plaintiff Phillips—but not Plaintiff Shahrokhi—was notified that the DMV suspended his driver's license for failing to pay child support. Plaintiffs bring two causes of action against Defendants Suzy Truby, Julie Butler, and Aaron Ford:

> Count 1: a Fourteenth Amendment procedural due process challenge alleging Nevada's summary driver's license suspension statute at NRS 483.443 is unconstitutional because "[t]he State affords no court hearing prior to suspending driver's licenses."

> Count 2: a Fourteenth Amendment procedural due process challenge alleging Defendants have no jurisdiction to garnish Plaintiffs' earnings because Plaintiffs are not "employees" for the purposes of the Revenue Act.

Defendants have now moved to dismiss all claims alleged in the complaint.

## II. Standard of Law for a Motion to Dismiss

"A dismissal under FED. R. CIV. P. 12(b)(6) is essentially a ruling on a question of law." North Star Inter'l v. Ariz. Corp. Comm., 720 F.2d 578, 580 (9th Cir. 1983). A complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Smilecare Dental Group v. Delta Dental Plan, 88 F.3d 780, 783 (9th Cir. 1996) (quoting Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

A complaint does not have to contain "detailed factual allegations," but must contain more than an unadorned "the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (internal citations omitted).

In deciding a motion to dismiss, the court "must accept all well-pleaded factual allegations as true." Siaperas v. Mont. State Comp. Ins. Fund, 480 F.3d 1001, 1003 (9th Cir. 2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

A portion of this motion also challenges the Court's jurisdiction. Under Fed. R. Civ. Pro 12(b)(1) challenges to a court's subject matter jurisdiction come in two types: factual and facial attacks. A factual attack disputes the truth of the allegations that would give the court subject-matter jurisdiction. Courthouse News Service v. Planet, 750 F.3d 776, 780 (9th Cir. 2014). A

facial attack challenges the sufficiency of the complaint, arguing that the facts as pled do not give rise to subject matter jurisdiction in federal court. Id. This motion presents a facial attack. As such the focus of the Court's analysis should be whether the allegations demonstrate a controversy over which this Court has jurisdiction. Id. If the Court lacks subject-matter jurisdiction, it must enter an order of dismissal. Fed.R. Civ. Pro. 12(h)(3).

III. Analysis

    A. First Cause of Action – Pre-deprivation Due Process

Plaintiffs admit that their first cause of action asserting a Fourteenth Amendment procedural due process claim for the revocation of a driver's license without a hearing is factually insufficient. Nevada's statutory scheme provides an affected individual the opportunity to first informally mediate the child support situation and then to request a hearing before the appropriate hearing master. See Nev. Rev. Stat. § 425.510(3)-(4); 425.510 (1)-(2); 425.520(2)(c). Even if a party was unsuccessful in fully resolving their child support arrearage they could enter into a repayment plan that would keep their license from being suspended. Nev. Rev. Stat. § 452.510(6). After admitting that their claim is insufficient, Plaintiffs go on to argue that the current system is bad policy.

However, all that is required to survive a procedural due process claim is that Nevada's pre-deprivation procedures satisfy the requirements of due process. A Fourteenth Amendment procedural due process claim has two elements: a plaintiff must plausibly allege: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Hufford v. McEnaney, 249 F.3d 1142, 1150 (9th Cir. 2001).

The essence of procedural due process is that "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" Dusenbery v. United States, 534 U.S. 161, 167 (2002) (quoting United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993)). It is well-established that because due process is a flexible concept, "[p]recisely what procedures the Due Process Clause requires in any given case is a function of context." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 983 (9th Cir. 1998); see also

Morrissey v. Brewer, 408 U.S. 471, 481 (1972); Franceschi v. Yee, 887 F.3d 927, 935 (9th Cir. 2018). To determine what process is due, the court must balance the risk of an erroneous deprivation, the government's interest in providing specific procedures, and the strength of the individual's interest. See Erickson v. U.S., 67 F.3d 858, 863 (9th Cir. 1995); see also Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976) (employing balancing test to determine process due). Here, the process gives Plaintiffs sufficient due process.[1] Therefore, the Court grants the motion to dismiss Count 1.

### B. 1983 claims against Individuals

Count 1 and Count 2 allege claims against Julie Butler, Aaron Ford, and Suzy Truby. However, because they are named in a supervisory capacity and Plaintiffs have not alleged these defendants personally participated in any constitutional deprivation the Court must dismiss the claims against them. Litigants may not sue any supervisor pursuant to 42 U.S.C. § 1983 on the theory that the supervisor is liable for the acts of his or her subordinates. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Mere knowledge of a subordinate's alleged misconduct is insufficient. Id. To state a cognizable section 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Ashcroft v. Iqbal, 556 U.S. at 678, 686.

Here, Ford, Butler and Truby are named as supervisors for the purposes of this § 1983 lawsuit. However, none have personal involvement in the challenged decisions to suspend Plaintiff Phillips' drivers license or garnish Plaintiffs' income. As such, the Complaint contains no factual allegations supporting their liability. Accordingly, the Court dismisses the first and second cause of action because Plaintiffs have failed to allege the supervisory defendants personally participated in a constitutional deprivation. See Monell v. Dep't of Social Services,

---

[1] To the extent that Plaintiffs' argue that Nevada's pre-deprivation process is unconstitutional because it limits the grounds that can be raised, that "claim" was not contained in the complaint and will not be considered.

436 U.S. 658, 691 (1978).

C. Official Capacity Action

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . It is *not* a suit against the official personally, for the real party in interest is the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (emphasis in original). In Graham, the United States Supreme Court further noted that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under Monell . . . local government units can be sued directly for damages and injunctive or declaratory relief." Id. at 167, n. 14; see also Luke v. Abbott, 954 F.Supp. 202, 204 (C.D.Cal.1997) ("After the Monell holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity").

As the suit against Truby is really a suit against Clark County, the applicable legal standard derives from Monell, 436 U.S. at 691. In order to state a Monell claim against Clark County under 42 U.S.C. § 1983, Plaintiffs must allege facts to show each of the following "(1) that he possessed a constitutional right of which he was deprived; (2) that [the County] had a policy; (3) that the policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006). Here, Plaintiffs have not sufficiently alleged a Monell claim, but even if they had, it has already been demonstrated that due process is adequate.

D. Cause of Action II – Due Process in Garnishing Earnings

Essentially, the second cause of action challenges the orders entered in Plaintiffs' respective cases by the Family Court judges, on the grounds that those judges did not apply a proper formula to determine a self-employed individual's income. Plaintiffs contend that as self-employed individuals their income derives from "earnings" not "wages." (ECF # 1 p. 2 ¶ 10, p. 6 ¶¶ 29-31).

Under Nevada law, Family Court judges are state district court judges. Nev. Rev. Stat. § 3.006. The Rooker-Feldman doctrine prohibits a federal court from sitting in review of a decision

- 5 -

made by a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine presents a jurisdictional barrier. "United States District Courts ... do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this [United States Supreme] Court." Feldman, 460 U.S. at 486 (citing 28 U.S.C. § 1257). Moreover, as the District Courts of the United States are courts of limited jurisdiction, "[t]he presumption at every stage of a cause is that the cause is outside the jurisdiction of a court of the United States unless the contrary appears from the record." Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 336 (1895).

Challenges that attack state court proceedings concerning child custody or court child support orders are inextricably intertwined with the state court proceedings and thus beyond the jurisdiction of a federal district court under Rooker-Feldman. Fikrou v. Montgomery County Office of Child Support Enf't Div., No. 2:15-cv-01297-GMN-NJK, 2015 WL 6539767, at *2 (D. Nev. Oct. 28, 2015); Rucker v. County of Santa Clara, State of California, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (constitutional challenge to validity of state child support order and enforcement order was inextricably intertwined with state court ruling and barred by Rooker-Feldman); Woodson v. Kern County Child Support Servs., No. 1:18-CV-0726-LJO-JLT, 2018 WL 2939268, at *5 (E.D. Cal. June 12, 2018) (same); Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit, 453 F.3d 1160, 1165 (9th Cir. 2006) (Rooker-Feldman barred complaint attacking the proceedings of a state court in domestic matter).

Plaintiffs' opposition confirms that this action is indeed a collateral attack on decisions of the state court by pressing the argument that the state court's child support orders are invalid. (ECF # 20, 2:24-3:2) (recounting the facts of the state court child-support orders and plaintiffs' failure to comply with those court orders); (ECF # 20, 9:19-20 ("Plaitniffs [sic] demand that all prior orders shall be terminated for the reason aforementioned, with prejudice")); (ECF # 9 10:1-15:28) (arguing that the state court orders are void for various reasons). See Exxon Mobil

Corporation v. Saudi Basic Inds. Corp., 125 S.Ct. 1517, 1521-22 (2005). Accordingly, the Court dismisses Plaintiffs' complaint pursuant to the Rooker-Feldman doctrine. Further, the Court denies leave to amend because doing so would be futile.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that State Defendants Julie Butler and Aaron Ford's Motion to Dismiss (#7) is **GRANTED**;

IT IS FURTHER ORDERED that County Defendant Suzy Truby's Motion to Dismiss (#8) is **GRANTED**;

IT IS FINALLY ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiffs, and close this case.

Dated this 25th day of March, 2022.

_____
Kent J. Dawson
United States District Judge